# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JOSHUA M. STOCKTON**                                      **PLAINTIFF**
**ADC #169885**

v.                      No: 4:24-cv-00155-LPR-PSH

**DEXTER PAYNE,** *et al.*                              **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

On February 20, 2024, plaintiff Joshua Stockton, an inmate at the Arkansas Division of Correction's Wrightsville Unit, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1). At the Court's direction, he filed an *in forma pauperis* application (Doc. No. 5) and an amended complaint (Doc. No. 6). He subsequently

moved to dismiss separate defendants Marshal Reed and Aundrea Culclager (Doc. No. 7).

Stockton is a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). The following cases filed by Stockton were dismissed for failure to state a claim before he filed this lawsuit: *Stockton v. Culclager, et al.,* No. 4:23-cv-00503-BRW (E.D. Ark. 2023); *Stockton v. Page, et al.,* No. 4:23-cv-00582-JM (E.D. Ark. 2023); and *Stockton v. Cannon,* No. 4:23-cv-00682-BRW (E.D. Ark. 2023). The three-strikes provision requires the Court to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, **unless the prisoner is under imminent danger of serious physical injury.**

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

Stockton's original complaint consisted of 36 pages and an additional 24 pages of documentation that provided very few specific facts but a great deal of incomprehensible legal argument and citations (Doc. No. 1).  In my order instructing him to file an amended complaint, I stated:

> . . . The Court cannot ascertain what claims Stockton attempts to state or how he satisfies the imminent danger exception applicable to three-strikers.  He indicates that the Arkansas Division of Correction's contraband policy interferes with his medical treatment, specifically prescribed gel inserts.
>
> The Court will allow Stockton to amend his complaint to clarify his claims.  His complaint should be written on the form provided to him by this Court, his statement of claim should be no longer than five pages, and he must describe his serious medical needs, the involvement of each named defendant in the constitutional violations he alleges, and how he was injured as a result of the defendants' actions.  Stockton must also describe specific facts to support a claim that he in danger of ongoing imminent serious physical injury.  He should provide **no legal argument** or **legal citations**, and he may not rely on grievances or other documents in lieu of a **short** and **concise** statement describing his claims.  *See* Fed. Civ. Rule P. 8(d).

Stockton did not comply with the Court's order.  He did file an amended complaint that is somewhat shorter (only 18 pages), but once again sets forth limited facts.  Instead, he devotes much of his amended complaint to legal argument about state-created liberty interests and the ADC's grievance procedure being unavailable without stating a specific claim.  *See* Doc. No. 6 at 7-10, 12-14.  The Court has liberally and carefully reviewed the amended complaint and an attached page of what appears to be an appeal of a grievance and has been able to piece together with

some difficulty the nature of the claim Stockton appears to be making. *See* Doc. No. 6 at 14-15, and 25. Stockton appears to assert the following:

1) Before October 4, 2022, Stockton had a medical prescription for gel insoles in his shoes.

2) Stockton's gel insoles were medically necessary.

3) Board of Corrections policy resulted in gel insoles being deemed contraband.

4) At a prescription renewal on October 4, 2022, Stockton was informed by Dr. Stuckey that the Arkansas Division of Corrections had discontinued use of gel insoles for arch support for shoes; he was therefore unable to obtain a renewal of his prescription.

5) Stockton filed a grievance the same date; at step two, the medical department responded that the gel insoles were no longer available for them to order. The medical department also advised "that does not mean you can not have another kind of insole." Doc. No. 6 at 25.

6) On appeal to the director, Stockton claimed that he had a medical need for gel insoles for foot comfort and pressure relief, and failure to provide them constituted deliberate indifference. *Id.*

7) The director found the appeal with merit, stating "[a] review of electronic records indicates you were seen October 4, 2022, for an accommodation

review and renewals. Dr. Stuckey addressed some of your restrictions however, he did not note that your insole restrictions were discussed. The medical department noted 'the gel soles are not available for them to order anymore does not mean you cannot have another kind of insole.' Which indicates another option was available. A review of your medical records indicates the provider has not noted an alternative for the gel insoles or that insoles are not medically necessary." *Id.*

8) Stockton has been and continues to be in severe foot and back pain without his gel insoles. *Id.* at 14-15.

The question before the Court is whether Stockton has alleged facts to support a finding that he is under imminent danger of serious physical injury. The Court finds he is not in such danger for the reasons set forth below. Therefore, his application to proceed *in forma pauperis* should be denied.

The Eighth Circuit has noted that the imminent danger exception applies only when a prisoner makes "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050-51 (8th Cir. 2003) (holding that the imminent danger exception did not apply when a prisoner was forced to work outside in extreme weather conditions that did not result in any serious physical injuries). *See also Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (holding that the

imminent danger exception applied when prison officials continued to place a prisoner near his enemies who had previously stabbed him); *McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir. 2002) (holding that the imminent danger exception applied where inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions). Cases decided within this district are particularly enlightening with regard to the numerous claims alleged by another three-striker of imminent danger related to medical care (or lack thereof) for ongoing foot pain. As stated in 2020,

> Nichols has been litigating the adequacy of the medical treatment he has received for his foot problems since at least 2014. The Court has *repeatedly* held that Nichols's foot problems do *not* place him in imminent danger of serious physical injury. *See Nichols v. Peppers-Davis*, No. 5:14cv448-BSM, *docs. 129 & 137* (revoking IFP status and dismissing case after determining that Nichols was not in imminent danger based on the conclusory and factually unsupported allegation that his feet may have to be "amputated and/or permanently destroyed"); *Nichols v. Blair*, No. 5:15cv249-KGB, *docs. 6 & 18* (foot problems); *Nichols v. Sanders*, No. 5:15cv260-JLH, *docs. 4, 7, 15 &19* (internal bleeding in foot and denial of wheelchair script); *Nichols v. Jones*, No. 5:16cv28-DPM, *docs. 14 & 19* (recent evidence of "muscle/tissue damage of the plantar fasciitis"); *Nichols v. Drummond*, No. 2:16cv91-DPM, *doc. 15* (foot "deformities" and swelling); *Nichols v. Yang*, No. 2:16cv110-DPM, *docs. 18 & 30* (foot problems and pain; denial of scripts for medical footwear, wheelchair and shower chair); *Nichols v. Peppers-Davis*, No. 5:17cv34-KGB, *docs. 42 and 68* (ongoing foot pain, wrong size shoes, and inability to walk); *Nichols v. Arkansas Department of Correction*, No. 2:18cv119-JM, *docs. 3 & 6* (denial of podiatrist-prescribed footwear; nerve pain and numbness in feet).

*Nichols v. Kerstein,* No. 2:19-CV-00149-JM-JTR, 2020 WL 4810811, at *3 (E.D. Ark. July 29, 2020), *report and recommendation adopted,* No. 2:19-CV-00149-JM-JTR, 2020 WL 4795869 (E.D. Ark. Aug. 18, 2020) (disagreement with treatment for foot pain; no imminent danger).  See also *Nichols v. Drummond,* No. 2:19-CV-00073-DPM-JJV, 2019 WL 4072560, at *2 (E.D. Ark. July 31, 2019) (complaining of removal of wheelchair prescription and severe pain from foot problems as well as other medical problems; no imminent danger), *report and recommendation adopted,* No. 2:19-CV-73-DPM, 2019 WL 4072649 (E.D. Ark. Aug. 28, 2019) (noting that the Court had previously found that Nichols's foot-care problems did not satisfy the imminent danger exception; finding that allegation of his new complaint does not change that conclusion).

Here, Stockton's general assertions are that he had a prescription for gel insoles for foot pain.  He does not describe any medical condition constituting an objectively serious medical need.  He has not described any medical diagnosis or what prompted the need for gel insoles.  He complains that the medical department could no longer order his gel insoles and failure to obtain them for him constituted deliberate indifference.  The medical department noted in a grievance response, however, "that does not mean you cannot have another kind of insole."  Stockton does not assert that he was unable to obtain *any* insoles or that he has even sought alternative insoles. He does not describe why other kinds of insoles would not be

appropriate or an adequate alternative. He simply complains that he can no longer have the gel insoles he was provided for a period of time, and not having them has resulted in severe pain. Stockton's claims fail to establish that he is in imminent danger of serious physical injury.

IT IS THEREFORE RECOMMENDED THAT:

1. Stockton's motion for leave to proceed *in forma pauperis* (Doc. No. 5) be denied, and this case be dismissed without prejudice;

2. Stockton be given 30 days to reopen the case by paying the $405 filing fee in full and filing a Motion to Reopen; and

3. Stockton's pending motion to voluntarily dismiss certain defendants (Doc. No. 7) be denied as moot.

DATED this 10th day of May, 2024.

_____
UNITED STATES MAGISTRATE JUDGE